UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| VALUE DRUG COMPANY<br>      Plaintiff,<br><br>- against -<br><br>TAKEDA PHARMACEUTICALS, U.S.A., INC., *et al.*,<br><br>      Defendants. | Civil Action No.:<br>Related Case No.: 2:21-cv-03500-MAK[1] |

### LARS TAAVOLA AND KEN CAPPEL'S MOTION TO QUASH SUBPOENA FOR PERSONAL PHONE RECORDS AND LOCATION DATA

Lars Taavola and Ken Cappel (together, "Movants"), pursuant to Fed. R. Civ. P. 45(d), hereby submit this Motion to Quash Value Drug Company's Subpoena to AT&T for Phone Records and Location Data, and in support states:

**I. INTRODUCTION AND FACTUAL BACKGROUND**

This motion seeks to quash a subpoena issued to AT&T Wireless ("AT&T") for phone records and location data of non-parties to an ongoing litigation in the Eastern District of Pennsylvania, *Value Drug Company v. Takeda Pharmaceuticals, U.S.A., Inc. et al.*, Case No. 2:21-cv-03500-MAK (the "Underlying Action"). Movants Lars Taavola and Ken Cappel are former in-house counsel of a Defendant in that case, Amneal Pharmaceuticals LLC ("Amneal"). The subpoena was issued by Value Drug Company ("Value Drug"), a wholesaler of pharmaceutical products that is the Plaintiff in the Underlying Action. Because the subpoena inappropriately seeks personal information of non-parties, and because such information is

---

[1] As set forth herein, this Motion to Quash concerns a subpoena issued from the federal court in the Eastern District of Pennsylvania, but the place for compliance specified in the subpoenas is Miami, Florida. In accordance with Fed. R. Civ. P. 45(d)(3)(A), Messrs. Cappel and Taavola move this Court to quash the subpoenas, as it is the court for the district where compliance is required.

neither relevant nor proportional to the needs of the Underlying Action, Movants respectfully request this Court to quash Value Drug's subpoena, in its entirety.

The Underlying Action concerns a settlement agreement that resolved a patent litigation between Amneal and another pharmaceutical company, Takeda Pharmaceuticals U.S.A., Inc. Value Drug alleges that the settlement agreement between Takeda and Amneal was unlawful and anticompetitive. Value Drug alleges that the settlement between Takeda and Amneal was a part of a conspiracy between Takeda, Amneal, and two other generic pharmaceutical companies to restrict output of the drug colchicine. From August 2015 to January 2016, Movants were both involved in the settlement negotiations on behalf of Amneal.

The subpoena at issue was issued to non-party AT&T at 11760 US Hwy 1, Suite 600, North Palm Beach, FL 33408, seeking the phone records and location data of thirteen individuals, including Messrs. Taavola and Cappel. (*See* Declaration of Alexandra Russell ("Russell Decl."), Ex. 1 Subpoena). Value Drug gave no notice to either Mr. Taavola or Mr. Cappel that it had subpoenaed their personal cell phone records and location data. Mr. Taavola received notice from AT&T on November 12, 2022 that his records had been subpoenaed by a third-party. The time of compliance for the subpoena is November 18 at 9 a.m., which this Motion precedes.

Value Drug seeks vast amounts of information concerning Movants and the other individuals in the AT&T subpoena. Specifically, Value Drug seeks "Electronic specifications for all call, SMS, MMS, and data records for" each of the Movants' personal cell phone numbers, including outgoing and incoming phone numbers for *all* calls, date and time of call start and end for *all* calls, the length of *all* calls, the time zone of *all* calls, the location of the phone for *all* calls, and the type of phone for *all* calls. *See* Russell Decl. Ex. 1, at 8-9. Plaintiff

seeks this information for a period of almost *five years*. Id. (describing the "Relevant Time Period" as "January 9, 2015 through and including December 31, 2019"). At no point—within the subpoena, or otherwise—did Value Drug explain why such a vast swath of personal cell phone records and location data is relevant to any of the claims it alleges in the Underlying Action.

Recognizing the overbreadth of their subpoena and facing the threat of a similar Motion to Quash from another individual named in the subpoena, Dr. Paul Tully, Value Drug agreed to substantially narrow its request as to Dr. Tully *only*. See Russell Decl. Ex. 2, November 17, 2022 Email Exchange between Counsel for Value Drug and Counsel for Dr. Paul Tully. Specifically, Value Drug agreed, for Dr. Tully *only*, to not seek any location data, and to only seek information regarding phone calls *between* the individuals listed in the subpoena, instead of *all* calls made or received. Id. However, when Movants' counsel made a good faith effort to resolve this dispute by offering to Value Drug counsel to narrow the subpoena as to Movants and similarly situated individuals on the same terms that Value Drug had narrowed the subpoena as to Dr. Tully, counsel for Value Drug did not respond. Id. This Motion followed.

## II.   LEGAL STANDARD

"A motion to quash a subpoena is governed by Rule 45 of the Federal Rules of Civil Procedure." *Smith v. Pefanis*, 2008 WL 11333335, at *1 (N.D. Ga. Oct. 30, 2008). Discovery "is not an unlimited license for a fishing expedition." Id. "A court must quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Russell v. City of Tampa, Fla.*, 2017 WL 2869518, at *2 (M.D. Fla. July 5, 2017). "Further, a protective order may be issued for good cause to protect a person from annoyance, embarrassment, oppression, or undue burden or expense, by forbidding the discovery, forbidding inquiry into certain matters, or limiting the scope of disclosure or

discovery to certain matters." *Id*.

### III. ARGUMENT

#### A. Movants Have Standing to Challenge the Subpoena

"[N]umerous courts have held that parties have a personal interest in their financial and telephone records sufficient to confer standing to challenge a subpoena directed to a third-party." *Keim v. ADF Midatlantic, LLC*, 2016 WL 720967, at *2 (S.D. Fla. Feb. 22, 2016) (internal citations omitted) (finding that party had standing to challenge subpoena to his telephone carrier); *see also Schmulovich v. 1161 Rt. 9 LLC*, 2008 WL 4572537, at *4 (D.N.J. Oct. 14, 2008); *Patrick Collins, Inc. v. John Does 1-13*, 2013 WL 3466833, at *2 (D.N.J. July 10, 2013) (finding the defendant had third-party standing to challenge a subpoena to an internet provider because he asserted "personal and proprietary interests" in his subscriber information). Here, Messrs. Cappel and Taavola are the users of phones whose records are being sought and have privacy interests in the phone records and location data. Movants therefore have standing to challenge the subpoena. *See Carpenter v. U.S.*, 138 S.Ct. 2206 (2018) (recognizing privacy interest in personal location data); *Keim*, 2016 WL 720967, at *2; *Gilmore v. Jones*, 2022 WL 267422, at *2 n.1 (D.N.J. Jan. 28, 2022) (recognizing that a movant had standing to challenge a subpoena seeking phone records because movant, as here, asserted "personal and proprietary interests in his phone records.").

#### B. The Subpoena Does Not Seek Relevant Information

As described above, the vast quantity of data Value Drug seeks in the subpoena are not relevant to any of Value Drug's claims in the Underlying Action. "Under Rule 45, courts have significant discretion to quash or modify a subpoena where the discovery sought is irrelevant, or compliance with the subpoena would be unreasonable or oppressive." *Malhan v. Grewal*, 2020

WL 6391180, at *3 (D.N.J. Nov. 2, 2020) (cleaned up).

Here, Value Drug seeks phone records and location data from the *personal* cell phones of Movants for a period of nearly ***five years***.  This is the definition of a fishing expedition and is inherently unreasonable.  "Indeed, the subpoena's broad request for all phone records over the course of a year—without any subject-matter limitation—reveals just how unreasonable the subpoena is." *Gilmore*, 2022 WL 267422, at *2.  The information and data Value Drug seeks from AT&T is private, sensitive information reflecting the personal lives of each Movant, which is not relevant in any way to Value Drug's claims.  This type of information is not discoverable. *See Keim*, 2016 WL 720967, at *2 ("Defendants are not entitled to Plaintiff's and Ms. Worsena's entire telephone records since May 27, 2008 because Defendants have not made a showing that they are all relevant to the issues in this case…[f]or instance, telephone records of calls or text messages between Plaintiff and his mother are irrelevant to the issues in this case.").

Value Drug does not allege in any of its pleadings, or its subpoenas, that any of the Movants regularly engaged (or *ever* engaged) in any business discussions on their personal cell phones.  Nor does Value Drug explain why any information concerning Movants' locations would have any bearing on any of its claims.  What's more, even if Movants engaged in settlement negotiations on their personal cell phones during the course of settlement negotiations, the fact of those conversations is not probative at all of whether the ultimate settlement agreement was unlawful or not.  Because Value Drug "nowhere explains how these phone records…will help establish" any of their claims, *see Gilmore*, 2022 WL 267422, at *2, Value Drug's subpoena must be quashed.  *See id* (quashing subpoena for phone records due to a lack of relevance); *Smith*, 2008 WL 11333335, at *3 ("While defendants may be able to establish the relevance of some of plaintiff's phone records, they have not shown any reason that they

5

should be granted unrestricted access to plaintiff's entire personal cell phone records during the time period specified in the subpoena… Allowing defendants this unrestricted access exceeds the scope of reasonable discovery in this case.").

Even if Value Drug could establish that some narrow sliver of the subpoena is targeted at relevant material, the subpoena is still facially overbroad both temporally and substantively. Instead of narrowly targeting the few months near the end of 2015 when Amneal and Takeda were negotiating the settlement agreement, Value Drug instead seeks almost ***five years*** of phone records and location data. *See Alton v. Liberty Med. Supply, Inc.*, 2007 WL 9702561, at *1 (S.D. Fla. Oct. 5, 2007) (rejecting request for telephone records as "temporally overbroad" when they sought phone records for one month following the relevant event). And instead of submitting a narrow request regarding phone records reflecting conversations between the negotiators *only*, Value Drug seeks records regarding *all* conversations. A subpoena with such a wide scope is untenable and, at a minimum, should be substantially narrowed. *See Keim*, 2016 WL 720967, at *2; *Nationwide Mut. Ins. Co. v. Ft. Myers Total Rehab Ctr., Inc.*, 2010 WL 11507085, at *3 (M.D. Fla. Apr. 9, 2010) (holding that a "request for all cell phone records is overly broad"); *Russell*, 2017 WL 2869518, at *4 (M.D. Fla. July 5, 2017) (substantially narrowing subpoena for phone records to a two-hour relevant time span). In fact, this result is exactly what Value Drug itself agreed to for Dr. Tully—another Amneal negotiator—and there is no basis besides a motivation to harass Movants for Value Drug to insist on the overbroad and intrusive subpoena it refuses to limit with respect to the Movants.

If this Court elects not to quash the facially overbroad subpoena in its entirety, it should narrow the subpoena to the time period wherein settlement negotiations took place (August 2015 through January 2016) and should narrow the request for phone records to communications

between known negotiators.

### IV. CERTIFICATE OF CONFERRAL UNDER S.D. FLA. L.R. 7.1(A)(3)

Pursuant to S.D. Fla. L.R. 7.1(a)(3), undersigned counsel has attempted to confer in good faith with counsel for Value Drug in an effort to resolve this dispute without judicial intervention, by offering on November 17, 2022 to Value Drug to narrow the subpoena on identical terms to which Value Drug agreed to narrow the subpoena with respect to another individual listed in the subpoena. *See* Russell Decl. Ex. 2. Because counsel for Value Drug did not respond to undersigned counsel, the parties have been unable to resolve this dispute, and judicial intervention is necessary.

### V. CONCLUSION

For these reasons, this Court should quash the subpoena.

Dated: November 18, 2022

KIRKLAND & ELLIS LLP

By: */s/ Nadia Abramson*
Nadia Abramson (FL Bar #121763)
Kirkland & Ellis LLP
300 North Lasalle
Chicago, Illinois 60654
Tel: 312-862-2484
nadia.abramson@kirkland.com

Devora Allon (*pro hac vice forthcoming*)
Alexandra I. Russell (*pro hac vice forthcoming*)
Gilad Bendheim (*pro hac vice forthcoming*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
Tel: 212-446-4800
devora.allon@kirkland.com
alexandra.russell@kirkland.com
gilad.bendheim@kirkland.com

*Attorneys for Movants Ken Cappel and Lars Taavola*