# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALUE DRUG COMPANY, on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>TAKEDA PHARMACEUTICALS U.S.A., INC., *et al.*,<br><br>    Defendants. | Civil Action No. 2:21-cv-03500-MAK |

### NOTICE OF SUBPOENAS DUCES TECUM TO AT&T AND VERIZON

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of Federal Rules of Civil Procedure, subpoenas in the attached form will be served on the following:

**AT&T Wireless**
**Verizon Wireless**

Dated: October 28, 2022

Respectfully submitted,

**VALUE DRUG COMPANY**

By: */s/ Bradley J. Demuth*
    One of Its Attorneys

Bruce E. Gerstein
Dan Litvin
Deborah Elman (Pa. I.D. 87503)
David B. Rochelson
**GARWIN GERSTEIN & FISHER LLP**
88 Pine Street, 10th Floor
New York, NY 10005
(212) 398-0055
bgerstein@garwingerstein.com
dlitvin@garwingerstein.com
delman@garwingerstein.com
drochelson@garwingerstein.com

David F. Sorensen (Pa. I.D. 57766)

Peter Kohn (Pa. I.D. 65454)
Joseph Lukens (Pa. I.D. 67405)
**FARUQI & FARUQI LLP**
1617 JFK Blvd, Suite 1550
Philadelphia, PA 19103
(215) 277-5770
pkohn@faruqilaw.com
jlukens@faruqilaw.com

Bradley J. Demuth
Raymond N. Barto
**FARUQI & FARUQI LLP**
685 Third Avenue
New York, NY 10017

1

| | |
|---|---|
| Caitlin G. Coslett (Pa. I.D. 306915)<br>**BERGER MONTAGUE PC**<br>1818 Market Street, Suite 3600<br>Philadelphia, PA 19103<br>(215) 875-3000<br>dsorensen@bm.net<br>ccoslett@bm.net<br><br>Susan Segura<br>David C. Raphael<br>Erin R. Leger<br>**SMITH SEGURA RAPHAEL LEGER LLP**<br>221 Ansley Blvd.<br>Alexandria, LA 71303<br>(318) 445-4480<br>ssegura@ssrllp.com<br>draphael@ssrllp.com<br>eleger@ssrllp.com | (212) 983-9330<br>bdemuth@faruqilaw.com<br>rbarto@faruqilaw.com<br><br>Stuart E. Des Roches<br>Andrew W. Kelly<br>**ODOM & DES ROCHES LLC**<br>650 Poydras Street, Suite 2020<br>New Orleans, LA 70130<br>(504) 522-0077<br>stuart@odrlaw.com<br>akelly@odrlaw.com<br><br>Russell Chorush<br>**HEIM PAYNE & CHORUSH LLP**<br>1111 Bagby Street, Suite 2100<br>Houston, TX 77002<br>(713) 221-2000<br>rchorush@hpcllp.com |

*Counsel for Plaintiff and the Proposed Class*

2

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2022, I served the foregoing via email on the following representative counsel for defendants:

| | |
|---|---|
| Steven A. Reed<br>R. Brendan Fee<br>Melina R. DiMattio<br>D. Patrick Huyett<br>Vincent C. Papa<br>MORGAN, LEWIS & BOCKIUS LLP<br><br>*Attorneys for Defendant Takeda Pharmaceuticals U.S.A., Inc.* | Devora W. Allon, P.C.<br>Alexandra I. Russell<br>Gilad Bendheim<br>Jacob M. Rae<br>KIRKLAND & ELLIS LLP<br><br>*Attorneys for Defendants Watson Laboratories, Inc., Amneal Pharmaceuticals LLC, Teva Pharmaceuticals USA, Inc., and Teva Pharmaceutical Industries, Ltd.* |

Dated: October 28, 2022

                                                                                  */s/ Bradley J. Demuth*
                                                                                 Bradley J. Demuth

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | | |
|---|---|---|
| Value Drug Company | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:21-cv-03500-MAK |
| Takeda Pharmaceuticals U.S.A., Inc., et al. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: AT&T Wireless, National Compliance Center,
11760 US HWY 1, Suite 600, North Palm Beach, FL 33408

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: 1441 Brickell Avenue, Suite 1100, Miami FL 33131 (or place otherwise agreed upon) | Date and Time: 11/18/2022 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/28/2022

CLERK OF COURT

OR

_____          /s/ Bradley Demuth
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff , who issues or requests this subpoena, are:

Bradley Demuth, Faruqi & Faruqi, LLP, 685 Third Ave, 26 FL, NY, NY, 10017, bdemuth@faruqilaw.com, 212.983.9330

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-03500-MAK

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

## I. Definitions and Instructions

1. The terms "all," "any," and "each" shall each be construed as encompassing any and all. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. The use of the singular form of any word includes the plural and vice versa.

2. "Subpoena" means this subpoena and any schedules or attachments thereto.

3. "AT&T" means AT&T Wireless and any of its predecessors, successors, present or former parents, subsidiaries, or affiliates, whether direct or indirect; and all directors, officers, partners, employees, agents, contractors, consultants, representatives, and attorneys of the foregoing, or any other Persons associated with or acting on behalf of the foregoing, or acting on behalf of any predecessors, successors, or affiliates of the foregoing.

4. The "Telephone Numbers" for which this Subpoena seeks information are:

| Phone numbers | Name of associated individuals | Possible corporate affiliations |
|---|---|---|
| (201) 852-1136 | Cappel, Kenneth | Amneal |
| (917) 701-6495 | Taavola, Lars | Amneal |
| (847) 910-7092 | Tully, Paul | McDonnell Boehnen |
| (847) 650-9810 | Buonaiuto, Mark | Takeda |
| (847) 946-8382 | Maxwell, Jason | Takeda |
| (323) 533-7531 | Takahashi, Heather | Munger Tolles |
| (310) 991-8384 | Weinberger, Jeffrey | Munger Tolles |
| (862) 210-5592 | Leitch, Nathalie | Actavis<br>Teva |
| (609) 462-8886 | Motto, Daniel | Actavis<br>Teva |
| (973) 610-7036<br>(201) 841-2318 | Spataro, Victoria | Actavis<br>Teva |
| (202) 857-6232 | Berman, Richard | Arent Fox |

| | | |
|---|---|---|
| (201) 310-7398<br>(908) 432-5075<br>(917) 683-3920 | Brown, Lawrence | Par Pharmaceutical<br>Endo |
| (201) 749-7856<br>(908) 432-5075<br>(914) 263-9250 | Campanelli, Paul | Par Pharmaceutical<br>Endo |

5.  The "Relevant Time Period" for which this Subpoena seeks information is January 9, 2015 through and including December 31, 2019.

6.  The affidavit provided herewith shall be completed and executed by all natural persons supervising and/or participating in the compliance with this Subpoena, and a copy of each such executed affidavit shall be provided in response to this Subpoena.

## II. Documents to be Produced

1.  Electronic specifications for all call, SMS, MMS, and data records for all Telephone Numbers identified in Definition and Instruction No. 4 above, including:

| FIELD NAME[1] | FIELD DESCRIPTION | FIELD VALUE EXAMPLE |
|---|---|---|
| RECID | Unique record identifier | ABC0001 or<br>###.######.### |
| CALLFROM | Phone number initiating the call | 123-555-1212 |
| CALLTO | Phone number receiving the call | 123-555-1212 |
| DATETIMESTART | Date and time of call start | 04-DEC-14 08.35.15 AM |
| DATETIMEEND | Date and time of call end | 04-DEC-14 08.35.15 AM |
| DURATION | Length of call | hh:mm:ss |
| TIMEZONE | Time of zone of start/end date time | GMT/EST/CST |

---

[1] For SMS or MMS messages, other or additional Field Name electronic specifications may be more appropriate to include such as those that identify whether a given message was SMS or MMS, the time the SMS or MMS message was sent/received, and/or the total size of the SMS or MMS message sent/received (*i.e.*, total characters and/or total KB or MB).

2

| | | |
|---|---|---|
| TIMEZONEOFFSET | Time zone of start/end date time | UTC offset, e.g., -5:00 |
| LOCATION | Location of phone or mobile | Philadelphia, PA OR GPS coordinates **Not Required if not available** |
| PHONETYPE | Type of phone | Mobile, Fax, Office **Not Required if not available** |

(NOTE: Delimiter should be pipe ( | ) no qualifier)

2.  Subscriber information, including subscriber name(s) and billing address(es), for all Telephone Numbers identified in Definition and Instruction No. 4 above, including documents sufficient to show changes to any such subscriber information over the Relevant Time Period.

**AFFIDAVIT OF COMPLIANCE WITH SUBPOENA**

State of _____ }

County of _____ }

I, _____, being duly sworn, state as follows:

1. I am employed by AT&T Wireless ("AT&T") in the position of _____;

2. AT&T's productions and responses to the subpoena dated October 2, 2019 from plaintiffs in *In re Zetia (Ezetimibe) Antitrust Litigation*, 18-md-2836 (E.D. Va.) (the "Subpoena") were prepared and assembled under my personal supervision;

3. I made or caused to be made a diligent, complete, and comprehensive search for all documents and information requested by the Subpoena, in full accordance with the instructions and definitions set forth in the Subpoena;

4. AT&T's productions and responses to the Subpoena are complete and correct to the best of my knowledge and belief;

5. No documents responsive to the Subpoena have been withheld from AT&T's production and response, other than responsive documents withheld on the basis of a legal privilege or doctrine;

6. All responsive documents withheld on the basis of a legal privilege or doctrine have been identified on a privilege log produced in response to the Subpoena;

7. The documents contained in Respondent's productions and responses to the

      Subpoena are records kept in the regular course of Respondent's business and, as such, are authentic, genuine and what they purport to be;

8. Attached is a true and accurate record of all persons who prepared and assembled any productions and responses to the Subpoena, all persons under whose personal supervision the preparation and assembly of productions and responses to the Subpoena occurred, and all persons able competently to testify: (a) that such productions and responses are complete and correct to the best of such person's knowledge and belief; and (b) that any documents produced are authentic, genuine, and what they purport to be; and

9. Attached is a true and accurate statement of those requests under the Subpoena as to which responsive documents were located in the course of the aforementioned search.

_____          _____
Signature of Affiant                                                                Date

Subscribed and sworn before me this \_\_\_\_ day of _____, 2019.

_____, Notary Public

My commission expires: _____

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | | |
|---|---|---|
| Value Drug Company | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:21-cv-03500-MAK |
| Takeda Pharmaceuticals U.S.A., Inc., et. al. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Verizon Wireless, Attn: VSAT, 180 Washington Valley Road, Bedminster, NJ 07921

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: 685 Third Avenue, 26 FL, New York, NY 10017 (or place otherwise agreed upon) | Date and Time: 11/18/2022 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/28/2022

CLERK OF COURT

OR

_____                    /s/ Bradley Demuth
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Direct Purchaser Plaintiffs , who issues or requests this subpoena, are:

Bradley Demuth, Faruqi & Faruqi, LLP, 685 Third Ave, 26 FL, NY, NY, 10017, bdemuth@faruqilaw.com, 212.983.9330

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-03500-MAK

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I. Definitions and Instructions

1. The terms "all," "any," and "each" shall each be construed as encompassing any and all. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. The use of the singular form of any word includes the plural and vice versa.

2. "Subpoena" means this subpoena and any schedules or attachments thereto.

3. "Verizon" means Verizon Wireless and any of its predecessors, successors, present or former parents, subsidiaries, or affiliates, whether direct or indirect; and all directors, officers, partners, employees, agents, contractors, consultants, representatives, and attorneys of the foregoing, or any other Persons associated with or acting on behalf of the foregoing, or acting on behalf of any predecessors, successors, or affiliates of the foregoing.

4. The "Telephone Numbers" for which this Subpoena seeks information are:

| Phone numbers | Name of associated individuals | Possible corporate affiliations |
|---|---|---|
| (201) 852-1136 | Cappel, Kenneth | Amneal |
| (917) 701-6495 | Taavola, Lars | Amneal |
| (847) 910-7092 | Tully, Paul | McDonnell Boehnen |
| (847) 650-9810 | Buonaiuto, Mark | Takeda |
| (847) 946-8382 | Maxwell, Jason | Takeda |
| (323) 533-7531 | Takahashi, Heather | Munger Tolles |
| (310) 991-8384 | Weinberger, Jeffrey | Munger Tolles |
| (862) 210-5592 | Leitch, Nathalie | Actavis<br>Teva |
| (609) 462-8886 | Motto, Daniel | Actavis<br>Teva |
| (973) 610-7036<br>(201) 841-2318 | Spataro, Victoria | Actavis<br>Teva |
| (202) 857-6232 | Berman, Richard | Arent Fox |

| | | |
|---|---|---|
| (201) 310-7398<br>(908) 432-5075<br>(917) 683-3920 | Brown, Lawrence | Par Pharmaceutical<br>Endo |
| (201) 749-7856<br>(908) 432-5075<br>(914) 263-9250 | Campanelli, Paul | Par Pharmaceutical<br>Endo |

5.  The "Relevant Time Period" for which this Subpoena seeks information is January 9, 2015 through and including December 31, 2019.

6.  The affidavit provided herewith shall be completed and executed by all natural persons supervising and/or participating in the compliance with this Subpoena, and a copy of each such executed affidavit shall be provided in response to this Subpoena.

## II. Documents to be Produced

1.  Electronic specifications for all call, SMS, MMS, and data records for all Telephone Numbers identified in Definition and Instruction No. 4 above, including:

| FIELD NAME[1] | FIELD DESCRIPTION | FIELD VALUE EXAMPLE |
|---|---|---|
| RECID | Unique record identifier | ABC0001 or<br>###.######.### |
| CALLFROM | Phone number initiating the call | 123-555-1212 |
| CALLTO | Phone number receiving the call | 123-555-1212 |
| DATETIMESTART | Date and time of call start | 04-DEC-14 08.35.15 AM |
| DATETIMEEND | Date and time of call end | 04-DEC-14 08.35.15 AM |
| DURATION | Length of call | hh:mm:ss |
| TIMEZONE | Time of zone of start/end date time | GMT/EST/CST |

---

[1] For SMS or MMS messages, other or additional Field Name electronic specifications may be more appropriate to include such as those that identify whether a given message was SMS or MMS, the time the SMS or MMS message was sent/received, and/or the total size of the SMS or MMS message sent/received (*i.e.*, total characters and/or total KB or MB).

3

| | | |
|---|---|---|
| TIMEZONEOFFSET | Time zone of start/end date time | UTC offset, e.g., -5:00 |
| LOCATION | Location of phone or mobile | Philadelphia, PA OR GPS coordinates **Not Required if not available** |
| PHONETYPE | Type of phone | Mobile, Fax, Office **Not Required if not available** |

(NOTE: Delimiter should be pipe ( | ) no qualifier)

    2.    Subscriber information, including subscriber name(s) and billing address(es), for all Telephone Numbers identified in Definition and Instruction No. 4 above, including documents sufficient to show changes to any such subscriber information over the Relevant Time Period.

**AFFIDAVIT OF COMPLIANCE WITH SUBPOENA**

State of _____ }

County of _____ }

I, _____, being duly sworn, state as follows:

1. I am employed by Verizon Wireless ("Verizon") in the position of _____;

2. Verizon's productions and responses to the subpoena dated October 2, 2019 from plaintiffs in *In re Zetia (Ezetimibe) Antitrust Litigation*, 18-md-2836 (E.D. Va.) (the "Subpoena") were prepared and assembled under my personal supervision;

3. I made or caused to be made a diligent, complete, and comprehensive search for all documents and information requested by the Subpoena, in full accordance with the instructions and definitions set forth in the Subpoena;

4. Verizon's productions and responses to the Subpoena are complete and correct to the best of my knowledge and belief;

5. No documents responsive to the Subpoena have been withheld from Verizon's production and response, other than responsive documents withheld on the basis of a legal privilege or doctrine;

6. All responsive documents withheld on the basis of a legal privilege or doctrine have been identified on a privilege log produced in response to the Subpoena;

7. The documents contained in Respondent's productions and responses to the

       Subpoena are records kept in the regular course of Respondent's business and, as such, are authentic, genuine and what they purport to be;

8.    Attached is a true and accurate record of all persons who prepared and assembled any productions and responses to the Subpoena, all persons under whose personal supervision the preparation and assembly of productions and responses to the Subpoena occurred, and all persons able competently to testify: (a) that such productions and responses are complete and correct to the best of such person's knowledge and belief; and (b) that any documents produced are authentic, genuine, and what they purport to be; and

9.    Attached is a true and accurate statement of those requests under the Subpoena as to which responsive documents were located in the course of the aforementioned search.

_____             _____
Signature of Affiant                                    Date

Subscribed and sworn before me this \_\_\_\_ day of _____, 2019.

_____, Notary Public

My commission expires: _____